UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF IBEW LOCAL 100 PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY CONSTRUCTION ENTERPRISES INC dba TRINITY POWER; and DOES 1 through 50,<br><br>Defendants. | Case No. 1:23-cv-01048-KES-BAM<br><br>ORDER REGARDING INFORMAL DISCOVERY DISPUTE<br><br>(Docs. 51, 52) |

**I.     Background**

This is an action arising under the Employee Retirement Income Security Act and the Labor Management Relations Act. Plaintiffs Board of Trustees of, respectively, IBEW Local 100 Pension Trust Fund, Joint Electrical Industry Training Trust Fund, NECA/IBEW Family Medical Care Trust Fund, and National Electrical Benefit Fund (collectively "Plaintiffs") generally allege that Defendant Trinity Construction Enterprises Inc. dba Trinity Power failed to remit all fringe benefit contributions required by a collective bargaining agreement. (*See* Doc. 1, Complaint.)

In December 2024, the parties initiated this Court's informal discovery dispute procedures regarding certain of Plaintiffs' interrogatories, requests for admissions, and requests for

1

production of documents. (Docs. 38, 40.) Given the number of disputes, and the need for the parties to engage in additional meet and confer efforts, the Court directed the parties to personally appear to resolve the outstanding discovery disputes. (Doc. 48.)

On January 8, 2025, as ordered by the Court, counsel for the parties appeared for a discovery dispute conference to resolve the discovery disputes. Following meet and confer efforts, the parties resolved the outstanding discovery disputes, except for three of Plaintiffs' requests for production of documents. The parties agreed to an informal ruling on this remaining dispute. (Doc. 50.)

On January 14, 2025, the parties submitted informal letter briefs outlining their respective positions regarding the three disputed requests for production. (*See* Docs. 51, 52.)

**II.     Disputed Requests**

The three disputed Requests for Production (Set One) are as follows:

Request for Production 1: All Letters of Assent executed between YOU and any union other than Local Union 100 prior to March 3, 2019.

Request for Production 2: All DOCUMENTS pertaining to YOUR execution of any Letter of Assent with any union other than Local Union 100 prior to March 3, 2019.

Request for Production 3: All DOCUMENTS pertaining to YOUR understanding of the legal effect of any Letter of Assent that YOU executed with any union other than Local Union 100 prior to March 3, 2019.

Defendant reportedly responded in the same manner to each request as follows:

Defendant objects on the grounds that it is overbroad, unduly burdensome, and without reasonable limitation. Defendant objects on the grounds that this seeks irrelevant information and is not reasonably calculated to lead to the discovery of relevant information. Defendant objects on the grounds that this is protected by the right of privacy, attorney client privilege, work product privilege, and confidential trade secrets. Defendant objects on the grounds that this seeks a legal conclusion. Defendant objects on the grounds that this is vague and ambiguous, compound, and uncertain. Defendant objects on the grounds that this assumes facts not in evidence and in dispute.

(Doc. 51.)

**III.    Legal Standard**

Broad discretion is vested in the trial court to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Federal Rule of Civil Procedure 26 provides that

parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. *Id.* However, the Court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, any party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents, electronically stored information, or tangible things. Fed. R. Civ. P. 34(a)(1). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

**IV.     Discussion**

Plaintiffs argue that the requests at issue seek documents relevant to Defendant's defenses. To that end, Plaintiffs point to Defendant's Amended Answer, which includes allegations that there was no valid agreement between the parties, the collective bargaining agreement is too vague and ambiguous to be enforceable, and the union engaged in deceptive practices, deceiving Defendant. (Doc. 51 at 2 [citing Doc. 17, Answer].)  Plaintiffs also point to certain of Defendant's interrogatory responses, which reportedly state: "The facts surrounding the collective bargaining agreement in question which Plaintiff purports binds Defendant do not establish that Defendant ever agreed to be bound by a collective bargaining agreement for any period of time. Defendant was intentionally misled about taking on a job, but Defendant never agreed to be bound by the terms of a collective bargaining agreement . . . Defendant contends that the letter of Assent-A from Plaintiff was entered into under false pretenses and that it is not effective." (Doc. 51 at 2-3.) Plaintiffs characterize these defenses as implicating issues of alleged intent,

1  understanding of the specific documents at issue, Defendant's purported experience in the
2  industry and understanding of the nature of collective bargaining agreements in general,
3  purported fraudulent inducements, and the reasonableness of Defendant's alleged reliance upon
4  the purported inducements.  (*Id.* at 3, citing cases.)

5  Plaintiffs maintain that the documents sought by the three requests pertain to Defendant's
6  knowledge and experience in the industry and understanding of the nature of these types of
7  agreements, and thus, whether Defendant was justified in relying upon any alleged
8  misrepresentations of the Local Union (which the Local Union denies making).  Plaintiffs
9  contend that (1) the electrical unions utilize the same or substantially similar Letters of Assent-A,
10 with the same or substantially similar effect; (2) Defendant entered into collective bargaining
11 agreements with other electrical unions prior to executing the Letter of Assent at issue here; and
12 (3) Defendant should therefore have known what it was signing.  (Doc. 51 at 3.)  Plaintiffs thus
13 argue that other Letters of Assent are discoverable as evidence of Defendant's knowledge and
14 experience, the reasonableness of Defendant's belief that the Letter of Assent could have been for
15 a "one-off" project, and Defendant's understanding of the Letter of Assent and collective
16 bargaining agreement at issue.

17 Additionally, Plaintiffs assert that the requests "are narrowly tailored to Defendant's
18 knowledge, experience and intent at the time Defendant executed the Letter of Assent – A herein
19 (hence the March 3, 2019 date, which is the date Defendant executed the Letter herein)."  (Doc.
20 51 at 3.)  Plaintiffs also assert that Defendant's objections of privacy and confidential trade
21 secrets are misplaced in light of the stipulated protective order and the absence of any entry in
22 Defendant's privilege log for private or trade secret documents.  (*Id.*)

23 Defendant counters that the requests do not seek the production of relevant documents and
24 are not reasonably calculated to lead to the discovery of relevant information.  Defendant
25 maintains that there is no reason why a purported contract with a different union would have any
26 bearing on the purported agreement, or lack thereof, between Plaintiff and Defendant.  Defendant
27 further maintains that there is no evidence that any dealings between the Defendant and a
28 different union, under different circumstances and at a different time, would have any bearing on

1  a different agreement between Plaintiff and Defendant.  Defendant contends that there is no

2  evidence that entering into a contract with a different union using different documents gives

3  Defendant any kind of specialized knowledge of the union contracting area of law.

4        Defendant argues that "Plaintiff's basis for seeking [the] information, that the documents

5  between Defendant and a third party could shed light on Defendant's knowledge of its agreement

6  with Plaintiff is not supported by any facts and does not have any logical bearing." (Doc. 52 at

7  2.)  Defendant indicates that the agreements are with different parties, entered at different times,

8  under different circumstances, using different documents.  (*Id.*)  Defendant also contends that

9  "despite Plaintiffs' claims, there is no evidence or even argument that there is an industry

10 standard or standardized set of documents for union contracts, making Plaintiff's reasoning here

11 lacking foundation and based on pure speculation."  (*Id.*)  Additionally, Defendant argues that the

12 requests "do not specify any kind of limitation on time period, type of work, geographic location,

13 or any other reasonable limitation, and are thus overbroad as written."  (*Id.*)

14       As a final matter, Defendant asserts that any agreement between itself and another party is

15 private and protected by the right of privacy and by trade secret privileges of the drafting party.

16 (Doc. 52 at 2, citing cases.)  Defendant also asserts that "statements made between Defendant and

17 some other party in negotiations are governed by the privileges that apply to secrecy in

18 negotiations." (*Id.*)

19       Having considered the parties' informal briefs, and setting aside the issue of relevance, the

20 Court finds that the requests, as written, are overbroad and not proportional to the needs of this

21 case.  Fed. R. Civ. P. 26(b).  Despite Plaintiffs' assertions to the contrary, the requests are not

22 "narrowly tailored to Defendant's knowledge, experience and intent at the time Defendant

23 executed the Letter of Assent – A" at issue here, i.e., March 3, 2019.  (Doc. 51 at 3.)  Rather, the

24 requests appear to seek all Letters of Assent and associated documents for an unlimited time

25 period prior to March 3, 2019.  There is no indication by Plaintiffs that the time period is

26 delimited beyond an end date.  Further, the requests do not appear to be limited by the type of

27 work or even to electrical unions.

28       Additionally, Plaintiffs state they "have evidence of two Letters of Assent that Defendant

5

executed with other electrical unions prior to executing the Letter of Assent at issue herein, of which one of the Letters is almost identical to the Letter herein." (Doc. 51 at 2 n.1.) This statement raises two primary concerns. First, it is unclear whether the two letters were produced by Defendant in discovery or obtained from some other source. The Court must limit requested discovery to the extent it is available from a source, other than Defendant, that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C). Second, given that Plaintiffs have evidence of at least one other similar Letter of Assent, the request for discovery of *all* Letters of Assent executed by Defendants prior to March 3, 2019 (and for related documents), does not appear proportional to the needs of this case. Rather, the request for all Letters is overbroad and likely to result in cumulative or duplicative discovery. Fed. R. Civ. P. 26(b)(1), (2)(C).

For these reasons, Defendant's objections to the identified requests as overbroad and without reasonable limitation are SUSTAINED.[1]

IT IS SO ORDERED.

Dated: **February 6, 2025**         /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court has considered the objections raised by Defendant in its informal letter brief, the parties are cautioned that the use of boilerplate objections, such as those found in Defendant's response to the request for production of documents, are subject to being stricken by the Court.